UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DEVONTE SHYHEEM GREEN, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | CV420-074 CR417-093 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

# REPORT AND RECOMMENDATION

Devonte Green was sentenced to 60 months imprisonment after pleading guilting to possession of a firearm in furtherance of a drug trafficking crime. Doc. 24 (guilty plea); doc. 32 (plea agreement); doc. 33 (judgment).[1] He moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence based on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Doc. 38. The Court directed the Government to respond, *see* doc. 39, and the government filed a Motion to Dismiss, doc. 40. Green has not responded to the Government's Motion. *See generally* docket.

---

[1] Citations are to the criminal docket in CR417-093 unless otherwise noted.

## BACKGROUND

The Grand Jury charged Green on a three-count indictment for: (Count One) receipt of a firearm while under indictment; (Count Two) possession with intent to distribute marijuana, and (Count Three) possession of a firearm in furtherance of a drug trafficking crime.  Doc. 1.  He pled guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  Doc. 24 (change of plea), doc. 32 (plea agreement).  Specifically, the plea agreement stated Green "agrees to enter a plea of guilty to Count Three of the Indictment, which charges a violation of 18 U.S.C. § 924(c)."  Doc. 32 at 1.  The agreement went on to enumerate the elements of the charge to which he was pleading guilty, clarifying that the § 924(c) charge was predicated on drug trafficking crimes:

> The elements necessary to prove the offense charged in Count Three are (1) that the Defendant committed the drug trafficking crime charged in Count Two of the Indictment, that is, Defendant knowingly and intentionally possessed with intent to distribute an amount of marijuana; (2) the Defendant knowingly possessed a firearm; and (3) the Defendant possessed the firearm in furtherance of the drug-trafficking crime.

Doc. 32 at 1; *see also* doc. 33 at 1 (judgment for the offense of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)).

Green was sentenced to 60 months incarceration. Doc. 33 at 2. He did not appeal. *See generally* docket. He filed the instant § 2255 motion within one year after the Supreme Court issued its decision in *Davis*, which held that § 924(c)(3)(B)'s residual clause is unconstitutionally vague. *Davis*, 139 S. Ct. at 2324-25, 2336. As his sole ground, Green claims that his § 924(c) conviction was based on the predicate offense of drug trafficking, which he believes falls under the residual clause of § 924(c)(3)(B). Doc. 38 at 4. Therefore, he argues that his 60-month sentence imposed for the § 924(c) conviction should be vacated. *Id*. at 12.

## DISCUSSION

"[I]n *Davis*, decided on June 24, 2019, the Supreme Court…held that § 924(c)(3)(B)'s residual clause…is unconstitutionally vague. *In re Hammoud*, 931 F.3d 1032, 1037 (11th Cir. 2019). Green's plea agreement makes clear that his conviction under § 924(c) is predicated on the offense of drug trafficking. *See* doc. 32 at 1. *See In re Navarro*, 931 F.3d 1298 at 1302 (11th Cir. 2019) (finding that a plea agreement and attendant

3

factual proffer can establish that a § 924(c) charge is predicated on drug-trafficking crimes, even where defendant does not plead guilty to the drug-trafficking crime). The Supreme Court's ruling in *Davis* "invalidated *only* § 924(c)(3)(B)'s residual clause relating to crimes of violence." *Id.* (emphasis added). Because Green's conviction is fully supported by the predicate offense of drug-trafficking, pursuant to 18 U.S.C. §§ 924(c)(1)(A), (c)(2), *see* doc. 33, *Davis* does not impact his conviction. Therefore, the Government's Motion to Dismiss should be **GRANTED**. Doc. 40. Green's § 2255 motion should be **DISMISSED**. Doc. 38.

## CONCLUSION

In summary, the Court **RECOMMENDS** that the Government's Motion to Dismiss be **GRANTED**. Doc. 40.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate

of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see *Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 25th day of August, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA